[No. 3961.]

## S. O. HOUGHTON v. J. R. HARDENBERG, SURVEYOR-GENERAL OF THE UNITED STATES FOR THE STATE OF CALIFORNIA.

DELIVERY OF PATENT NOT ESSENTIAL.—Where a patent to land has been executed by the proper officers of the United States, in accordance with law, the delivery of the patent to the grantee is not essential to its validity, and an action to compel a delivery will lie against an officer having custody thereof.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The complaint alleges that the plaintiff is the owner of an undivided interest in the Rancho Las Animas, in the County of Santa Clara, California; that the title to said Rancho is founded upon a Mexican grant, which was confirmed by the Courts of the United States under the Act of Congress entitled, " An Act to ascertain and settle private land claims in the State of California," approved March 3rd, 1851; that said interest of plaintiff is derived to him through divers mesne conveyances from the confirmees; that the Rancho was afterward duly surveyed under the direction of the Surveyor-General of the United States for the State of California, and approved by the Surveyor-General; that after the survey was made the claimants and confirmees of the Rancho and others claiming to be interested in the survey filed objections thereto in the District Court of the United States for the Northern District of California. That afterward the District Court made a decree setting aside the survey, and commanded the Surveyor-General to make a new survey and location; that the Surveyor did, on the 6th day of June, 1865, make a survey in conformity to the decree of said Court, and filed a plat of the survey in that Court, and on the 10th day of June, 1865, the Court approved the survey. That an appeal was taken to the United States Circuit Court, and on September 7th, 1866, that Court affirmed the decree of the District Court. That afterward the Surveyor-General transmitted to the Commissioner of the General Land

Office of the United States certified copies of said decrees, and the Commissioner caused and procured to be prepared and made out a patent in due form for the Rancho, dated March 15th, 1873, which was signed by the President, and recorded in the office of the Commissioner by the Recorder thereof. That said patent was transmitted to the defendant, who is Surveyor-General of the United States for the State of California, for delivery to the parties entitled to receive the same.

It was agreed that the complaint should be considered as containing the further allegation that since the receipt of the patent to the defendant it had been deposited in an iron safe belonging to the United States, situated in the office of the Surveyor-General, which safe was the repository of valuables belonging to the United States, and in the custody of the Surveyor-General. That since the receipt of the patent by him he had been ordered and directed by the Commissioner of the General Land Office to hold and not to deliver it to any person; that such order and direction was given prior to the time when appellant demanded the patent; and that he refused to deliver it solely in obedience to such order and direction.

The complaint demands judgment for the possession of the patent. The defendant filed a general demurrer to the complaint, which was sustained, and the plaintiff declining to amend, judgment was rendered for the defendant. The plaintiff appealed.

*Houghton & Reynolds*, for Appellant.

*E. L. Gould & L. D. Latimer*, for Respondent.

By the COURT:

On the authority of *Chipley* v. *Farris*, 45 Cal. 527, the judgment of the District Court is reversed.